Joseph H. Young & Co.
vs.
Harry K. Nahigian
} Eq. No. 9418.

January 13, 1930.

WALSH, J. This matter comes before us on petition to establish a mechanic's lien.

The petitioner is a plumbing supply house located in Boston, Mass. They sold to Harry K. Nahigian certain plumbing supplies to be used in the Virginia Apartments, 23 Tobey Street, Providence, which were delivered upon said premises between October 11, 1928 and October 16, 1928. The items according to the proof were, Oct. 11, $820.59; Oct. 11, $31.63; Oct. 16, $3.83, and Oct. , $42.60, a total of $898.65, which with interest to date of hearing, $56.38, bring their demand to $955.03. The account filed with commencement of process is for $820.59 only.

The Smithfield Land Company, a corporation which is inactive, confining its activities to the holding of an annual meeting, and which kept no regular books, owned the premises at 23 Tobey Street in Providence, R. I., in May, 1928. The Smithfield Land Company and the Robert L. Walker Co., another corporation engaged actively in the real estate business in Providence, occupied the same offices, had practically an interlocking board of directors and practically the same stockholders in May, 1928. Three gentlemen, Messrs. Walker, Bates and Maxwell, were directors or officers in both companies and, it may be fairly determined from all the evidence, transacted all the business of both companies with full authority from each corporation so to do.

On May 30, 1928, the Smithfield Land Company agreed in writing with Harry K. Nahigian to sell to him the premises at 23 Tobey Street, Providence, for the sum of thirty thousand dollars to be paid by a purchase price mortgage for the full amount, in which the Robert L. Walker Company was to appear as mortgagee. The transaction went through on June 15, 1928, and the deed and mortgage were recorded on June 16, 1928. It is admitted by all parties that the Land Company, the mortgagee and Nahigian were fully aware of the fact that Nahigian intended to remodel the old buildings on the premises into a 24-apartment house. The first delivery of material by the Young Co. was October 11, 1928. The notice of intention was served December 10, 1928. Claim is made that service was not within the sixty days. This contention is untenable. The sixty days are to be counted as prior to December 16, 1928.

*Paterson* vs. *Church*, 18 R. I. 349, 350.

The mortgagee further contends that it appears from the testimony that the supplies were sold on from 60 days' to 90 days' credit, hence the lien was preliminary notice. The evidence on this point from Nahigian was that Nahigian asked for 90 days for this account, that the Company agreed provided "Nahigian would stand for a lien," to which arrangement Nahigian did not

object. This amounted to an express reservation of the right to place a lien within the statutory period. This contention is therefore, untenable. .

*Phillips Lead & Supply Co.* vs. *Swarts*, 47 R. I. 204.

We think that the Young Company has shown by a fair, preponderance of the testimony its right to have its lien established for the sum of $20.59, the amount stated in its notice of intention, with interest thereon at 6% per annum to date (January 11, 1930) upon the right, title and interest of Harry K. Nahigian in said premises.

The next question to be determined is that of priority as between the mortgagee and the petitioner. The premises were sold at foreclosure sale under order of the Superior Court and brought $32,400, and the mortgagee claims payments and expenses of $33,362.09. The mortgagee claims that no work was done in the reparation of the building on the premises until after delivery of the deed to Nahigian on June 16, 1928; that any such work was expressly prohibited by both the Smithfield Land Company and the mortgagee until the deed was delivered to Nahigian. It appears that Nahigian had a duplicate made of the front door key to said premises in May, 1928, and that this key was used by the architect in going upon said premises to make drawings and measurements. There is some evidence that men were breaking down walls and that the building was open on June 14th and 15th. It is admitted that a permit was secured on June 12, 1928. The strong preponderance of the testimony, however, is to the effect that work was not commenced on this reparation of the building until July 2, 1928.

We find, therefore, that the petitioner has a lien upon the right, title and interest of Harry K. Nahigian in said premises but that said lien is subordinate to the rights of the Robert L. Walker Company, mortgagee.

For petitioners: Ernest P. B. Atwood.
For respondents: John A. Tillinghast.